Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00604-CR

Andrew **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR9712
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

PER CURIAM

Sitting:  Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Sandee Bryan Marion, Justice

Delivered and Filed:  September 21, 2011

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying cause on July 5, 2011. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed August 4, 2011. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on August 23, 2011. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on August 8, 2011, but appellant did not file a motion for extension of time. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522

(Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*.

On August 22, 2011, this court ordered appellant to show cause in writing within two weeks from the date of our order why the appeal should not be dismissed for lack of jurisdiction. *See id*.; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). This court noted that the notice of appeal appeared to have been untimely filed, and no motion for extension of time was filed. The court also noted a concern regarding the trial court's certification. *See* TEX. R. APP. P. 25.2. Appellant's attorney responded, acknowledging the problem with the trial court's certification, but did not address the jurisdictional issue. Because the record reflects that the notice of appeal was untimely filed, we dismiss the appeal for lack of jurisdiction. *See Olivo*, 918 S.W.2d at 522.

PER CURIAM

DO NOT PUBLISH